Opinion by TILSON, J. It was stipulated that the merchandise consists of so-called "artificial gut or artificial teguso," in chief value of silk, the same in all material respects as the merchandise the classification of which was involved in *Bush* v. *United States* (34 C. C. P. A. 17, C. A. D. 338). Upon the established facts and following the cited authority, the claim of the plaintiff was sustained.

**No. 52685.**—B. Altman & Co. *v.* United States, protest 140189–K (New York).

Opinion by TILSON, J. In accordance with stipulation of counsel that certain items of the merchandise consist of knitted wool scarves similar in all material respects to those passed upon in Abstract 50303, the claim of the plaintiff was sustained.

**No. 52686.**—Accurate Millinery Co. et al. *v.* United States, protests 808722–G, etc. (New York).

Opinion by TILSON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 52687.**—Eurasia Import Co., Inc. *v.* United States, protests 892283–G, etc. (New York).

Opinion by TILSON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 52688.**—Louis Meyers & Son, Inc. *v.* United States, protests 830040–G, etc. (New York).

Opinion by RAO, J. It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333). The claim of the plaintiff was therefore sustained.

**No. 52689.**—Louis Meyers & Son, Inc. *v.* United States, protests 905493–G, etc. (New York).

Opinion by RAO, J.  It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v. *Julius Kayser & Co.*  (33 C. C. P. A. 179, C. A. D. 333).  The claim of the plaintiff was therefore sustained.

**No. 52690.**—The J. L. Hudson Co. *v.* United States, protest 929645–G (New York).

Opinion by RAO, J.  It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333).  The claim at 50 percent ad valorem under paragraph 915, plus any additional duty applicable under paragraph 924, was therefore sustained.

**No. 52691.**—Smoking Pipes, Incorporated, et al. *v.* United States, protests 138259–K, etc. (New York).

Opinion by RAO, J.  An examination of the record failing to disclose any error in the action of the collector, the protests were overruled.

**No. 52692.**—J. D. Smith Co., Inc., et al. *v.* United States, protests 506539–G, etc. (New York).

Opinion by RAO, J.  The protests were dismissed.

BEFORE THE THIRD DIVISION, NOVEMBER 17, 1948

**No. 52693.**—E. L. Stivers and Melba B. Rodriguez *v.* United States, petitions 6578–R and 6579–R (Laredo).

CLINE, Judge:  These are petitions for the remission of additional duties accruing under section 489 of the Tariff Act of 1930 due to the undervaluation of merchandise.

The merchandise consisted of bobby pins imported from Mexico.  The shipment covered by petition No. 6578–R was invoiced at 15 pesos per carton plus packing and stamps, entered at 18 pesos per carton plus packing and stamp tax, and appraised at 25 pesos per carton, less freight, aforo, Mexican customs broker's fee, and consular invoice fee.  On appeal for reappraisement, it was held on the basis of a stipulation of counsel that the correct dutiable value was 19.25 pesos a great gross, plus sales tax.  *E. L. Stivers* v. *United States*, 17 Cust. Ct. 257, Reap. Dec. 6291.

The shipment covered by petition No. 6579–R was invoiced at 15 pesos per carton and entered and appraised at 15 pesos per carton plus stamps.  On appeal for reappraisement, it was held on the basis of a stipulation of counsel that the